[Crim. No. 43973. Second Dist., Div. Three. Sept. 27, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
FELIX REYNOSO ZAVALA, Defendant and Respondent.

## COUNSEL

Ira Reiner, City Attorney, Jack L. Brown and Greg Wolff, Deputy City Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Philomene J. Swenson and Chloris A. deBrauwere, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**DANIELSON, J.**—The People appealed from the order of the Municipal Court for the Los Angeles Judicial District granting the motion of defendant and respondent Felix Reynoso Zavala (Zavala) to have an alleged prior conviction declared constitutionally invalid, pursuant to *People* v. *Buller* (1979) 101 Cal.App.3d 73 [160 Cal.Rptr. 657]. The People's appeal was transferred to this court from the Appellate Department of the Superior Court for the County of Los Angeles, on this court's own motion, pursuant to California Rules of Court, rule 62(a).

For the reasons set forth below, we reverse the order which invalidated the prior.

### FACTS

Defendant Zavala was charged with driving under the influence of alcohol (Veh. Code, § 23102, subd. (a))[1] and with having suffered a prior conviction for this same offense on May 4, 1978.

---

[1]References to sections hereafter are to the Vehicle Code, unless otherwise noted.

He moved through counsel to have the prior conviction declared constitutionally invalid, by a written motion which stated its ground as:

"Buller—The record does not reflect proper advisement of constitutional rights."[2]

The motion was made on a printed form which also contained 13 other possible grounds which could be alleged by checking them off, and these included substantive grounds, such as, "No knowing, intelligent, understanding waiver of counsel; No advisement of right to appointed counsel." However, none of these grounds was alleged as the basis for the present motion.

Attached to the motion was a two-page docket of the 1978 case. The first page consisted of a checklist reciting that defendant was appearing in propria persona and further reciting in a printed format, that defendant had been "advised that he is entitled to a public trial within 45 days; to the aid of the court in producing witnesses in his behalf; to be confronted with the witnesses against him in the presence of the court; not to be a witness against himself; to a trial by jury; to be admitted to reasonable bail; to be represented by a lawyer of his own choosing; or to have counsel provided for him . . . ; to represent himself." On the same page, a checklist appeared with the following items checked in ink as expressly waived by defendant: Right to remain silent; jury trial; counsel, public or private; witnesses; confrontation; and subpoena power.

The docket also indicated, by a check mark, that after inquiry, the court had found that all waivers had been knowingly, intelligently, and understandingly made. Zavala's plea of guilty was likewise recorded.

This same docket sheet shows that the proceedings were recorded by a court reporter.

The second page of the docket was individually imprinted with a rubber stamp reading as follows:

"Advised of Constitutional rights as approved February 24, 1977 by Judge A. [illegible] and filed in Division 66."

---

[2] In order to understand this ground for the motion, it is necessary to note that the reference "Buller" referred to the case of *People* v. *Buller, supra,* 101 Cal.App.3d 73, which held that when defendant challenged his prior conviction for a section 23102 violation, on the ground of inadequate advisement of rights, a docket sheet containing a printed recital of advisement of rights did not constitute an adequate showing of advisement, and that the prior must be stricken.

The impression of the rubber stamp was followed, in handwriting, by the following: "& 1016.5 P.C."[3]

At the hearing on the motion to strike the prior, the People offered no other evidence beyond these docket sheets regarding advisement of rights on the prior conviction. Zavala also offered no other evidence, and made no allegation that his advisement and waiver of rights had, in fact, been inadequate at the time of the prior conviction, but chose to rely on the alleged inadequacy of the docket under *Buller.* Neither party produced a reporter's transcript of the proceedings on the prior, and each party contended that the burden was on the other to produce that transcript.

On the above-described record, and on the authority of *People* v. *Buller, supra,* 101 Cal.App.3d 73, the municipal court found that the 1978 prior was constitutionally invalid.

### ISSUE ON APPEAL

The issue on this appeal by the People is whether the municipal court's order may be upheld, where a reporter had been present at the proceedings on the prior, but the only evidence produced by either side was the municipal court docket sheet reflecting that defendant had been advised of and waived his rights, and the only allegation by defendant was that this docket sheet was inadequate.

As we have noted above, the order must be reversed.

### DISCUSSION

### I. *The Advisement and Waiver Was, in Fact, Adequate.*

As a preliminary matter, this court ordered a reporter's transcript of the advisement and waiver of rights from the 1978 prior to be prepared. We have received this transcript as a part of our power to judicially notice the records of other courts. (Evid. Code, §§ 452, subdivision (d)(1), 459, subdivision (a).)

That transcript reflects that on May 4, 1978, defendants who were charged with violations of section 23102, subdivision (a), or related offenses, were advised by a court commissioner as a group of their constitutional rights, as reflected on the docket described above. All were appearing in propria persona.

---

[3]Penal Code section 1016.5 sets forth the statutory requirement of advisement to aliens before acceptance of a guilty plea as to its possible effect on the alien's immigration status.

Although Zavala and one other defendant received advisement from a commissioner through a Spanish language interpreter, Zavala acknowledged before the court that he had heard and understood the advisement in Spanish.

The reporter's transcript reflects that the court then took Zavala's guilty plea and waiver of rights, as reflected on the docket sheet.

Thus, Zavala was in fact advised of his rights on the prior, and his failure to allege any actual violation of his constitutional rights was not mere inadvertence on his part.

 Upon the transfer of this case to this court, Zavala contends for the first time that the reporter's transcript shows that his waiver of counsel was inadequate because the trial court did not explicitly advise him of "the nature of the charge, the elements of the offense, the pleas and defenses which may be available, [and] the punishment . . . ." (See *In re Birch* (1973) 10 Cal.3d 314, 319 [110 Cal.Rptr. 212, 515 P.2d 12].)

This contention is without merit.

The reporter's transcript shows that the group of defendants present in court were advised on May 4, 1978, by the court commissioner taking their pleas, that he would suspend sentence and impose a fine or jail time, then place them on summary probation. The terms of the probation were described. The court also advised the defendants of the maximum sentence, the consequences of subsequent convictions, the elements of the offense, the defenses to the charges, and various collateral consequences which could flow from the conviction, such as loss of auto insurance. Zavala affirmed that he had heard and understood these advisements through the Spanish interpreter.

As for more elaborate defenses which Zavala might have had, we quote with approval the language of *People* v. *Buller, supra,* 101 Cal.App.3d at page 78, footnote 2: "To the extent that such possible defenses merely consist of raising a reasonable doubt concerning one of the necessary elements of the People's case, defendant was, of course, advised that he was charged with 'driving under the influence of intoxicating liquor . . .' and it was hardly necessary to spell out that it would be a defense not to have driven or not to have been under the influence. To the extent that counsel may be thinking of fancier 'affirmative' defenses—diminished capacity, insanity, entrapment, compulsion, former jeopardy, limitations and the like— we know of no case which requires such a partial course in Criminal Law I before accepting a plea even from an unrepresented defendant."

II. *Upon the Record Presented to the Trial Court, Zavala's Motion Should Have Been Denied.*

 Zavala's motion to invalidate his prior conviction should have been denied upon the record in the municipal court, for the following reasons: (1) he failed to allege with specificity in what way his constitutional rights were denied; and (2) he failed to produce evidence on the question of whether his rights had been denied, even though further evidence was available on that question.

We begin by setting forth section 23102.2, the statute which governs proceedings to challenge the validity of priors, as it read at the time of the hearing below (Nov. 1980).[4]

"(a) In any proceedings to have a prior judgment of conviction of a violation of subdivision (a) or (b) of Section 23102, or of subdivision (a), (b), or (c) of Section 23105, declared invalid on constitutional grounds, the defendant shall state in writing and with specificity wherein he was deprived of his constitutional rights, which statement shall be filed with the clerk of the court and a copy served on the court that rendered such prior judgment and on the prosecuting attorney in the present proceedings at least five court days prior to the hearing thereon.

"(b) The court shall, prior to the trial of any pending criminal action against the defendant wherein such prior conviction is charged as such, hold a hearing, outside of the presence of the jury, in order to determine the constitutional validity of the charged prior conviction issue. At such hearing the procedure, the burden of proof and the burden of producing evidence shall be as follows:

"(1) The burden of proof remains with the prosecution throughout and is that of beyond a reasonable doubt.

"(2) The prosecution shall initially have the burden of producing evidence of the prior conviction sufficient to justify a finding that the defendant has suffered such prior conviction.

"(3) In such event, the defendant then has the burden of producing evidence that his constitutional rights were infringed in the prior proceeding at issue.

---

[4]Section 23102.2 was renumbered and amended in 1981 (Stats. 1981, ch. 940, § 15). The current version is contained in section 23208, which is identical to the former section 23102.2 in all respects relevant to our decision.

"(4) If the defendant bears this burden successfully, the prosecution shall have the right to produce evidence in rebuttal.

"(5) The court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any prior conviction found to be constitutionally invalid."

Section 23102.2 was added to reflect the holding in *People* v. *Coffey* (1967) 67 Cal.2d 204, 217-218 [60 Cal.Rptr. 457, 430 P.2d 15]. (*People* v. *Guevara* (1980) 111 Cal.App.3d Supp. 19, 25 [169 Cal.Rptr. 19].) Thus, we turn to the *Coffey* case for interpretation of the statute.

In *People* v. *Coffey, supra,* 67 Cal.2d 204, 210, defendant moved to strike a prior conviction on the ground that he had been denied his constitutional right to the assistance of counsel, and the trial court denied the motion on the ground that there was no authority for such a motion in the statutes. The Supreme Court held that attacks upon the constitutional basis of prior convictions could properly be made by motions to strike in the trial court, and said the following about such attacks: "We emphasize, however, that the issue must be raised by means of allegations which, if true, would render the prior conviction devoid of constitutional support. 'One seeking to challenge prior convictions charged against him may do so only through a clear allegation to the effect that, in the proceedings leading to the prior conviction under attack, he *neither was represented by counsel nor waived the right to be so represented.*'" (Italics in original.) (At p. 215.)

The *Coffey* court held that the defendant in that case had alleged infringement of the right to counsel, sufficient to entitle him to a hearing in the trial court. (At p. 217.) In remanding the case to the trial court for a hearing, the court delineated the procedures to be followed in that hearing. The court said that: (1) when the defendant raises the issue of the constitutionality of a prior conviction, before trial, the court must hold a hearing out of the presence of the jury to determine that issue; (2) the People first have the burden of producing evidence that defendant has suffered a previous conviction, which requires a *prima facie type of showing only* (see Pen. Code, § 1025; (3) when the People have made their prima facie showing, defendant then has "the burden of producing evidence that his constitutional right to counsel was infringed in the prior proceeding at issue"; (4) if defendant meets this burden, the People have the right to produce evidence in rebuttal; and (5) the trial court should then make a ruling on the basis of the evidence produced. (At p. 217.) The court also stated that the burden of proof as to the constitutionality of the prior conviction always remains with the People, even though the burden of producing evidence shifts to the defendant after the People have made their initial showing. (At p. 217, fn. 15.)

Turning to the case at hand, we note that Zavala never alleged any actual failure to advise him of his constitutional rights. Zavala's only allegation was that the docket sheet from the prior plea and conviction was inadequate under *Buller, supra.*

His allegation that the docket was inadequate to show advisement of rights was not the legal equivalent of an allegation that the entire record of the plea failed to reflect such advisements or that an advisement did not, in fact, occur. One of the two latter allegations is required under *People* v. *Coffey, supra,* and section 23102.2. In *People* v. *Buller, supra,* 101 Cal.App.3d 73, the court's opinion says that defendant challenged the validity of a prior conviction, but does not tell us on what ground that challenge was made. However, the opinion tells us that defendant had pleaded guilty without being represented by counsel and that "the only suggestion that he had been advised of the right to counsel is a preprinted form which contains a recital to the effect that defendant had been advised of his rights, including his right to counsel." The court considered that this printed form constituted "no particularized record at all" of advice of those rights, as required by *In re Smiley* (1967) 66 Cal.2d 606, 617, footnote 8 [58 Cal.Rptr. 579, 427 P.2d 179], and, therefore, that the record did not "adequately show that defendant was advised of his rights, including the right to counsel." (At p. 76.)

We have taken judicial notice of the docket sheet which the *Buller* court found to be an inadequate record of advisement, and we note that it contained no indication that a reporter had been present at the proceedings on the prior. Therefore, the only record which could possibly have been introduced at the hearing on the validity of the prior was the docket sheet.

Moreover, in *People* v. *Buller, supra,* 101 Cal.App.3d 73, when the court ruled on defendant's other prior convictions in which reporter's transcripts were available, the court considered the transcripts and held that defendant had been adequately advised of his rights on those prior convictions.

Therefore, we do not consider the *Buller* case to be determinative of whether the court may properly find that a prior conviction is invalid by examining the docket sheet alone and finding it inadequate in form, when the docket sheet indicates that a reporter was present at the advisement of rights on the prior.

Our reading of *In re Smiley,* relied upon in the *Buller* opinion, further persuades us that the docket alone is insufficient to invalidate a prior where a court reporter was present at the proceedings.

In *In re Smiley, supra,* 66 Cal.2d 606, defendant's conviction of a misdemeanor was reversed on a petition for writ of habeas corpus, which al-

leged that he was indigent and had not been advised of the right to appointment of counsel and the right to speedy trial. The only record of the proceedings in the municipal (justice) court was a docket entry showing that defendant was ". . . 'duly arraigned', pleaded not guilty, and thereafter defended himself without benefit of counsel." (At p. 616.) The court held that the words "duly arraigned" were insufficient to show that defendant had been properly advised of his rights, and that the trial courts should make "minute or docket entries specifically listing the rights of which the defendant is actually advised." (At p. 617.)

In a footnote (fn. 8), the court said the following: "Such entries, of course, must be prepared for the particular case before the court; the requirement will not be satisfied by the use of minute forms containing printed recitals of this advice. [Citations.]" (At p. 617, fn. 8.)

However, the court went on to say, ". . . docket entries listing the rights of which a defendant has actually been informed may constitute an adequate record of that advice; by the same token, we have no difficulty in conceiving of entries which could satisfactorily reflect a knowing and intelligent waiver of those rights by the defendant." (At p. 622.)

We bear in mind that in evaluating advisement and waiver of rights proceedings in misdemeanor cases, the realities of the typical municipal court environment must be taken into account, and that as long as the spirit of the constitutional principles is respected, the convenience of the parties and the courts should be given great weight. (*Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 303 [110 Cal.Rptr. 329, 515 P.2d 273], citing *In re Smiley, supra,* 66 Cal.2d 606, 622.)

Under *Coffey* and section 23102.2, the challenge to the prior must be commenced by a clear allegation that defendant's constitutional rights were violated in some way. The People then must produce evidence amounting to a prima facie showing that the prior conviction took place.

The next step is where all the trouble has arisen. Section 23102.2, subdivision (b)(3), provides that ". . . the defendant then has the burden of producing evidence that his constitutional rights were infringed in the prior proceeding . . . ."

Zavala has contended that the production of a docket sheet containing a printed recital that defendant was advised of enumerated constitutional rights, is the production of evidence, as required by subdivision (b)(3), *supra,* that defendant's rights were violated. We do not agree.

We are of the opinion that when the docket sheet contains a printed advisement of rights but also contains a notation that a further record exists, such as reporter's notes or a defendant's signed waiver form, then producing the docket does not have the effect of showing that an inadequate record was made. Rather, defendant has only succeeded in showing that a further and, presumably, adequate record was made. It is, thus, incumbent on defendant to obtain, or at least to examine, the complete record and furnish some proof that defendant was actually denied some constitutional right or that the full record is also inadequate in some respect.

■ A reporter's transcript of proceedings in which a defendant waives his constitutional rights is an establishment "on the face of the record" of such a waiver. (*People* v. *Shannon* (1981) 121 Cal.App.3d Supp. 1, 7 [175 Cal.Rptr. 331], citing *Mills* v. *Municipal Court, supra,* 10 Cal.3d at p. 307.)

Placing this burden of producing evidence upon defendant comports with the practical realities of the municipal court situation, as well as with the statutory and decisional authority. It is defendant who must commence the proceedings by alleging that his constitutional rights were violated, and, therefore, defendant or defense counsel will normally need to review the record of the prior to determine if such an allegation can be made. ■ Under our holding, when the docket contains a printed recital of advisement of rights and an indication that further record is available, defendant must cause that further record to be produced.

Zavala contends that because section 23102.2 provides that the "burden of proof remains with the prosecution throughout," a defendant can introduce the docket sheet, not produce the reporter's transcript, and sit back while the People lose. Not so.

Even though the burden of proof remains with the prosecution, the burden of producing evidence can shift.

Evidence Code section 115 defines "burden of proof" as follows: " 'Burden of proof' means the obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court. The burden of proof may require a party to . . . establish the existence or nonexistence of a fact . . . by proof beyond a reasonable doubt."

Evidence Code section 110 defines "burden of producing evidence" as follows: " 'Burden of producing evidence' means the obligation of a party to introduce evidence sufficient to avoid a ruling against him on the issue."

Evidence Code section 550 provides as follows: "(a) The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of further evidence.

"(b) The burden of producing evidence as to a particular fact is initially on the party with the burden of proof as to that fact."

The comment of the Law Revision Commission to this section is as follows: "Section 550 deals with the allocation of the burden of producing evidence. At the outset of the case, this burden will coincide with the burden of proof. [Citation.] *However, during the course of the trial, the burden may shift from one party to another, irrespective of the incidence of the burden of proof. . . .*" (Italics added.)

We are here dealing with a problem of who should produce evidence, not who has the burden of proof. The statute is clear that defendant has the burden of producing evidence in order to go forward with his motion.

Section 23102.2 expressly provides that the burden of producing evidence of unconstitutionality is on defendant. To produce a docket sheet which contains a printed statement that defendant was advised of his rights, without producing an available reporter's transcript, or any other evidence to show otherwise, is not to produce evidence of unconstitutionality.

When the burden of producing evidence is on one party, the other party need not produce any further evidence until the party with the burden has produced sufficient evidence to meet that burden. (*Vaughn* v. *Coccimiglio* (1966) 241 Cal.App.2d 676, 678 [50 Cal.Rptr. 876].)

In *Worsley* v. *Municipal Court* (1981) 122 Cal.App.3d 409 [176 Cal.Rptr. 324], the court held that a prior conviction was valid, after the court had examined the docket sheet, on which the advisement of rights was recorded with a series of rubber stamps and handwritten notations, and said that, "Accordingly, we are not dealing with the 'dreaded' impersonal pre-printed forms of *Smiley* or *Buller,* but a contemporaneous reporting of what respondent was advised and what he waived." (At p. 415.)

In *Worsley, supra,* at page 415, the court discussed the problem of docket sheets recording advisements of rights, as follows: "The inherent problem with the use of preprinted forms is that it is a recording of formal rights and waivers *before* their actual delivery. This is where the dangers arise. The use of a stamp for recording purposes is the mechanical impressing with a device or lettering to authenticate, certify, or register formal or

official examination of the action taken. (See Webster's Third New Internat. Dict. (1966) p. 2222.)

"Whether the docket is filled out with a rubber stamp, typewriter, or quill pen should make no difference *so long as it can be determined that the advisements and waivers were placed in the docket by one authorized and qualified to do so, and the memorializations reflect the true nature of the recitals.* (See *People* v. *Weitzer* (1969) 269 Cal.App.2d 274, 280 [75 Cal.Rptr. 318]; *People* v. *Brussel* (1932) 122 Cal.App.Supp. 785, 788-789 [7 P.2d 403].) [Italics added.]

"Since this particular docket provides a reviewing court with more than a silent record (*In re Smiley, supra,* 66 Cal.2d 606, 624), the municipal court docket entry is some indication of what occurred. '[T]here [remains] a presumption that in preparing the docket entry official duty [judge's and clerk's] was regularly performed (Evid. Code, § 664). . . .' Therefore ' ". . . such an entry must ordinarily be deemed to speak the truth." ' (*In re Lopez* (1970) 2 Cal.3d 141, 146 [84 Cal.Rptr. 361, 465 P.2d 257], quoting from *In re Johnson* (1965) 62 Cal.2d 325, 330 [42 Cal.Rptr. 228, 398 P.2d 420]. See also *People* v. *Witt* (1971) 15 Cal.App.3d 6, 14 [92 Cal.Rptr. 770].)"

 In accord with the reasoning of *Worsley,* we hold that a docket sheet which contains a printed recital of advisement of rights, and checked off waiver of rights, a rubber-stamped notation, and a notation that the proceedings were reported is no evidence at all that defendant was *not* advised of his rights. Defendant has the burden of producing some evidence, from the reporter's transcript or other relevant sources, that the proceedings were unconstitutional. If defendant fails entirely to meet this burden, the prior should not be stricken.

### DISPOSITION

The order is reversed, and the case is remanded to the municipal court for further proceedings consistent with this opinion.

Klein, P. J., and Lui, J., concurred.

A petition for a rehearing was denied October 27, 1983, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied November 23, 1983.