Filed 8/10/16  P. v. Frazier CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN PAUL ANTHONY FRAZIER,<br><br>    Defendant and Appellant. | E064238<br><br>(Super.Ct.No. RIF1408317)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge. Affirmed as modified.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette C. Cavalier and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Sean Paul Anthony Frazier filed a petition to have his conviction for second degree burglary reclassified as a misdemeanor under Proposition 47, and for resentencing pursuant to Penal Code section 1170.18.[1] The trial court denied the petition on the ground the business was closed at the time of the offense and defendant appealed. On appeal, defendant argues (1) the court erred in finding that the business was closed where the record of conviction is silent on that point; (2) that there is insufficient evidence to support the finding that the business was closed at the time of the burglary or that the value of the property taken was greater than $950; (3) this court should decline to follow decisional authority placing the burden of proving eligibility on the defendant; (4) judicial fact finding of facts neither pled nor proven is prohibited; and (5) the trial court's determination of defendant's eligibility is limited to the record of conviction. We affirm without prejudice to allow defendant to refile.

## BACKGROUND

On June 13, 2014, defendant, along with two others,[2] entered a business and committed theft therein. Frazier also had someone else's identification. On June 27, 2014, defendant was charged with second degree burglary (§ 459, count 1), and unlawfully obtaining personal identifying information of another (§ 530.5, subd. (a),

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The named co-participants were Richard Owen Simms and Jason Christopher Thompson. Thompson brought a separate petition for resentencing after passage of Proposition 47, which was also denied. That denial is before us in a separate appeal, *People v. Thompson,* E063223. Simms, the third defendant does not have an appeal pending in this court.

2

count 2). It was further alleged that Frazier had four prior felony convictions for which he had served prison terms (prison priors) (§ 667.5, subd. (b)).

On July 9, 2014, defendant pled guilty[3] to counts one and two and admitted all four prison priors. The court sentenced Frazier to a midterm sentence of two years in county jail for count one pursuant to section 1170, subdivision (h), with a concurrent two year term for count two, and imposed consecutive enhancements for two of the prison priors,[4] for a total sentence of four years in county jail. The court found a factual basis for the plea based on the complaint.

On February 19, 2015, after passage of Proposition 47, defendant filed a petition for resentencing on the second degree burglary conviction, alleging as his basis, that the value of the property taken did not exceed $950. In its response, the People asserted defendant was not entitled to relief because the defendant broke into a closed business and count two (identity theft) was not a qualifying conviction. Based on this response, the trial court determined that the defendant broke into a closed business, rendering defendant ineligible for relief. The petition was denied. Defendant appealed.

---

[3] The plea was to the court; the prosecutor did not enter into a plea agreement with defendant.

[4] The trial court stayed the punishment on two of the prison priors, although such a stay is unauthorized, due to the mandatory language of section 667.5, subdivision (b). (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241, citing *People v. Jones* (1992) 8 Cal.App.4th 756, 758.) "'Unless a statute says otherwise, an enhancement may be *imposed* or *stricken*, but . . . may not be *stayed*; to do so is an illegal sentence. [Citation.]' [Citation.]" (*People v. Haykel* (2002) 96 Cal.App.4th 146, 151, italics original.) We therefore modify the judgment to strike the stayed prison priors.

## DISCUSSION

### (1) *There Is Insufficient Evidence to Support the Finding that the Business Was Closed or that It Was Open.*

Defendant raises several interrelated claims challenging the trial court's determination that his second degree burglary conviction was not eligible for reduction to a misdemeanor based on its determination that the offense was committed when the business was closed. However, some of defendant's points contradict each other: On the one hand, he argues that the court should disregard unsworn statements in the People's response to his petition in favor of a determination of eligibility based solely on the record of conviction. On the other hand, he argues for a jury trial on the issue of ineligibility at which the People have the burden of proof. We agree there is insufficient evidence to support the finding that the business was closed.[5] But we also conclude the petition did not establish that the burglary occurred during regular business hours, as required by Penal Code section 459.5.

Proposition 47 created a new sentencing provision in section 1170.18. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092.) In pertinent part, subdivision (a) of section 1170.18 provides that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the

---

[5] We do not need to reach the question of whether the value of the property taken was more than $950 because (a) the People did not raise that issue in opposition to defendant's petition, and (b) the trial court made no finding as to the value of the property taken. Therefore this issue is forfeited on appeal.

4

offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a); *People v. Rivera, supra,* at p. 1092.)

Proposition 47 added section 459.5, which reclassifies certain second degree burglaries as shoplifting, a misdemeanor. However, "'to qualify for resentencing under the new shoplifting statute, the trial court must determine whether defendant entered "a commercial establishment with intent to commit larceny while that establishment [was] open during regular business hours," and whether "the value of the property that [was] taken or intended to be taken" exceeded $950. (§ 459.5, subd. (a).)'" (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448, quoting *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

Section 1170.18, subdivision (b), provides that upon receipt of a petition for resentencing, "the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Section 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code . . ."

The petitioner has the initial burden of establishing eligibility for resentencing under section 1170.18, subdivision (a). (*People v. Sherow* (2015) 239 Cal.App.4th 875,

879.) Defendant argues that we should refuse to follow this authority. However, requiring the defendant establish eligibility is not unduly burdensome; in most matters a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting. (*Sherow, supra,* at p. 879, citing *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3; see also, Evid. Code, § 500.)[6] Moreover, the language of section 1170.18, subdivision (b), referring to whether "the petitioner satisfies the criteria in subdivision (a)" assumes that the defendant must at least make a prima facie showing as to that fact.

In making his argument that the he should not be forced to bear the burden of proof that his conviction is eligible for resentencing, defendant asserts that we should

---

[6] Defendant argues there is no authority to support *Sherow's* holding, aside from a civil probate matter. But it is well settled that a defendant has the burden of proof on many matters: as to any affirmative defense asserted (*Mullaney v. Wilbur* (1975) 421 U.S. 684 [95 S.Ct. 1881, 44 L.Ed.2d 508][defendant has burden of establishing heat of passion, provocation, or justification for homicide]); *People v. Montalvo* (1971) 4 Cal.3d 328, 333 [defendant has the burden of establishing minority as a defense to narcotics statute applicable to person over 21]), sufficient evidence to warrant a cautionary instruction (*People v. Belton* (1979) 23 Cal.3d 516, 523 [defendant has burden of proving accomplice status of witness]), as to the constitutional invalidity of a prior conviction (*People v. Zavala* (1983) 147 Cal.App.3d 429, 435), as to his incompetence to stand trial (*People v. Medina* (1990) 51 Cal.3d 870, 885, affirmed by *Medina v. California* (1992) 505 U.S. 437, 442 [112 S.Ct. 2572, 120 L.Ed.2d 353]), and as to the existence of error or other defect giving rise to the right to a new trial (*People v. Clair* (1992) 2 Cal.4th 629, 667).

This is a small sampling. However, a judgment or order of the lower court is presumed correct. (*People v. Alvarez* (1996) 49 Cal.App.4th 679, 694.) Just as the burden of proof is on an appellant to affirmatively show in the record that error was committed by the trial court, it is reasonable to require the party seeking reclassification of a felony to a misdemeanor to demonstrate he or she is entitled to such relief. However, the defendant here filed his petition before *Sherow* was decided, using a mandatory form. He should, therefore, have the opportunity to refile his petition.

6

follow a well-settled exception to the general rule, relating to situations in which the evidence necessary to establish a fact essential to a claim lies "peculiarly within the knowledge and competence of one of the parties." (*Wolf v. Superior Court* (2003) 107 Cal.App.4th 25, 35.) There are a few problems with this position: First, this case does not involve an issue dependent for proof on records in the exclusive control of another party; the record of conviction comprises court documents capable of judicial notice, available to all parties.

Second, defendant seems to suggest that evidence beyond the record of conviction should be submitted on the issue, but this contradicts his position that the court should be limited to review of the record of conviction. Unless the parties stipulate, evidence outside that record of conviction may not be considered. On the other hand, if one side is permitted to introduce evidence at the hearing on a petition for resentencing, the other side must also be permitted to introduce evidence.

Third, no one should know better than the defendant whether the business was open or not when the burglary occurred, because he was there. That information is not peculiarly within the control of the People or the court, so the exception to the general rule is inapplicable. We therefore agree with *Sherow* that a defendant has the burden of making a prima facie showing of eligibility for relief in his or her petition.

Section 1170.18, subdivision (b), does not indicate how the trial court should make its determination or what matters the court may consider in making the determination at the hearing on the petition, and many of the cases addressing eligibility

7

questions are currently pending review in the California Supreme Court. In the present case, the prosecutor made an unsworn statement that the business was closed in opposition to the petition for resentencing. Such an unsworn and uncorroborated statement is not evidence. (*People v. Wallace* (2004) 33 Cal.4th 738, 754, fn.3, citing *In re Zeth S.* (2003) 31 Cal.4th 396, 414, fn.11.)

In our recent decision in *People v. Perkins* (2016) 244 Cal.App.4th 129, at page 140, we noted a distinction between the evidence that may be submitted at a resentencing hearing under Proposition 36 and the prima facie showing of eligibility to be made in a petition under Proposition 47. There, we held that in any new petition, the defendant could describe the stolen property and attach some evidence showing he is eligible for relief. In a footnote, we went further to explain our reasoning: Eligibility for resentencing under Proposition 36 turns on the nature of the petitioner's convictions, whereas in a petition under Proposition 47, eligibility turns on the simple factual question of the value of the stolen property. (*Id.,* at p. 140, fn. 5.)

*Perkins,* however, was concerned with the initial pleading stage in addressing the petitioner's burden of making a prima facie case pursuant to *People v. Sherow, supra,* where the petition failed to allege sufficient facts to show the defendant's eligibility. It did not address the conduct of a hearing at which the trial court would make its determination, or the type of evidence that could be admitted.

Here, the court made a finding on a disputed factual issue based on an unsworn statement, without evidence offered in support. As a matter of law, there was insufficient

8

evidence to support the trial court's finding. But, even if we agree that the court erred in determining that the business was closed based on the People's response to the petition, the petition failed to allege the offense was committed during regular business hours.

The elements of the two crimes are different; section 459.5 is not a lesser included offense within the offense of second degree burglary, absent additional evidence not contained in the current record. (See *People v. Shockley* (2013) 58 Cal.4th 400, 404.) Committing the offense during regular business hours is not an element of second degree burglary. Shoplifting, on the other hand, as defined by section 459.5, involves entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property taken, or intended to be taken, does not exceed $950. (§ 459.5, subd. (a).)

The record is insufficient to establish defendant's eligibility for resentencing because the information before the court did not establish the elements of shoplifting within the meaning of section 459.5. The complaint does not allege the burglary occurred during business hours, and the reporter's transcript of the change of plea shows defendant merely assented when asked if "broke into a business with Mr. Simms and stole stuff." Thus, the trial court could not determine that the conviction met the definition of shoplifting under section 459.5. However, because defendant's petition was filed before *Sherow* was decided, and used a mandatory form that did not provide space for a prima facie showing, he must be given an opportunity to refile his petition. At oral argument, the People agreed.

9

Defendant also suggests that the People were required to produce evidence to prove ineligibility, citing *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 (*Osuna*), and *Bradford, supra,* 227 Cal.App.4th 1322, cases involving a defendant's eligibility for resentencing under Proposition 36. These decisions are unhelpful because in each case the court determined the defendant's ineligibility based on the record of conviction, which, in each case, included an appellate decision elucidating the circumstances of the crime.

The reviewing court in *Osuna* also rejected the notion that disqualifying factors needed to be pled and proven to a jury beyond reasonable doubt under the holding of *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348]. (*Osuna, supra,* 225 Cal.App.4th at p. 1033.) The court observed that a finding of ineligibility for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather it leaves him or her subject to the sentence originally imposed, so the determination did not implicate the Sixth Amendment. (*Osuna, supra,* 225 Cal.App.4th at p. 1040.) Instead, the court examined the record of conviction— including the appellate opinion, as permitted by *People v. Woodell* (1998) 17 Cal.4th 448—to determine whether defendant was "armed with a firearm" within the meaning of the statutory disqualifying factor found in section 1170.126, subdivision (e)(2), based on defendant's conviction for being a felon in possession of a firearm. (*Osuna, supra,* 225 Cal.App.4th at p. 1030.)

10

In the present case, defendant makes a similar assertion, in arguing that the court's consideration of the People's unsworn statement that the business was closed constituted judicial fact finding of elements that were never pled nor proven is prohibited, pursuant to the holdings of *Apprendi v. New Jersey, supra,* 530 U.S. 466, and *Descamps v. United States* (2013) 570 U.S. ___ [133 S.Ct. 2276, 186 L.Ed.2d 438]. We agree the trial court considered improper matters in making its decision. However, as is true in the Proposition 36 context, we conclude that *Apprendi* and its progeny are inapplicable to questions involving resentencing because the resentencing does not increase the original sentence imposed. (*Osuna, supra,* 225 Cal.App.4th at p. 1039, citing *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1303.)

We find this approach to be appropriate in the context of Proposition 47 cases. The determination that a defendant is not eligible for resentencing does not expose a defendant to an increased sentence and the statute does not require the People to prove the defendant is disqualified. There is no pleading or proof requirement pursuant to *Apprendi. Apprendi* does not govern here.

While we agree the trial court should not have considered an unsworn statement in determining whether defendant was ineligible, even without that statement defendant did not establish he was eligible for resentencing due to the absence of an essential element. Nevertheless, because the defendant filed his petition before *Sherow* was decided, he should have the opportunity to refile his petition.

11

## DISPOSITION

The sentence is modified to strike the two prison prior enhancements (§ 667.5, subd. (b)) that were previously stayed.  In all other respects, the judgment is affirmed, without prejudice to allow defendant to refile his petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

12