[Crim. No. 8358. Fourth Dist., Div. One. Jan. 21, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES TIMOTHY JOHNSON, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Elaine A. Alexander for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and Harley D. Mayfield and Gary W. Schons, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—As a result of a plea bargain, James Timothy Johnson pled guilty to first degree murder (Pen. Code, § 187). The court dismissed the allegation he used a firearm (Pen. Code, § 12022.5) and the

robbery count which also alleged he used a firearm, and sentenced him to prison for the law's prescribed term. Johnson appeals the judgment.

Johnson killed a man by shooting him during a robbery.

Johnson claims the trial court did not tell him the full consequences of his plea in that it failed to tell him the minimum sentence and the term he would have to serve before being eligible for parole.

■ For a plea of guilty to stand there must be in the record a direct and express waiver by the defendant of three constitutional rights: the right to a jury trial, the right to confront witnesses against him, and the right not to incriminate himself (*In re Tahl,* 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449]). In addition the record must reflect the defendant has been "advised of the direct consequences of conviction such as the permissible range of punishment provided by the statute." Are the minimum time to be served and the minimum time for parole direct consequences of the plea?

In *People* v. *Tabucchi,* 64 Cal.App.3d 133, 143 [134 Cal.Rptr. 245] the court said: "Recognizing the critical importance to a defendant of the right to parole and recognizing the widespread knowledge of persons charged with crime concerning the 'one-third minimum time' parole policy of the Adult Authority in usual cases (see Cal. Pen. Code, § 3049), we believe that notice to a defendant of any *statutorily required* minimum term for parole eligibility (such as contained in Health & Saf. Code, § 11379) contrary to and of greater duration than the usual Adult Authority policy based on Penal Code section 3049, is constitutionally required as a prerequisite to entry of a guilty plea under the rationale of *In re Tahl, supra.* Such a minimum term for parole eligibility must be deemed a direct rather than a collateral consequence of the guilty plea." (*People* v. *Tabucchi, supra,* 64 Cal.App.3d 133, 143.) In *Tabucchi,* the defendant faced a term of five years to life and in making his plea bargain he thought under Penal Code section 3049 he would be eligible for parole in less than two years rather than the three years required by Health and Safety Code section 11379.

■ The maximum and minimum sentences for first degree murder are the same, life imprisonment. Johnson could not have thought he would be eligible for parole after one third of the sentence had passed

because the precise computation cannot be made until he dies. Here, before taking the plea the court asked Johnson if he knew the maximum term for first degree murder. Johnson replied "life imprisonment." He was willing to accept life imprisonment for a guilty plea. He now claims the court should have told him of a possible windfall: he might be considered for parole in seven years (Pen. Code § 3046). How is he hurt by being helped? Were his penalty increased over what he had been told it would be at the time of his plea, we could understand his complaint. But for the court to have told him even more favorable terms than the life sentence provided for first degree murder, would not have stopped him from making the plea; it could only have increased his desire to plead guilty.

Johnson was not prejudiced in the slightest degree by the plea entering procedure, in which he was told his rights to a speedy, public, jury trial, to present a defense, remain silent, require proof of guilt beyond a reasonable doubt and appeal. He waived these rights.

Johnson has achieved considerable benefit from the dropping of the gun use allegation and the robbery count. He has received the benefit of his plea bargain and stands to receive more than he expected, for which he should be grateful, not complain (see *People* v. *Flores,* 6 Cal.3d 305 [98 Cal.Rptr. 822, 491 P.2d 406]).

Judgment affirmed.

Ault, J., and Whelan, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 17, 1977.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.