[No. A040711. First Dist., Div. Two. Mar. 13, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
YVETTE HELLGREN, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

R. Bruce Finch for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert R. Granucci and Dane R. Gillette, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

SMITH, J.—Defendant Yvette Hellgren pled guilty in superior court to one count of felony welfare fraud (Welf. & Inst. Code, § 10980, subd. (c)) and was granted probation with imposition of sentence suspended. Having obtained a certificate of probable cause (Pen. Code, § 1237.5), she appeals, urging that advisements attending her plea were deficient and that several conditions of her probation are invalid. We will affirm.

Preliminary hearing testimony shows that defendant fraudulently obtained aid to families with dependent children (AFDC) and food stamp benefits totaling $2,346 over a period of eight months in which she and her two children lived in a caretaker's house at a ranch in Middletown, where the caretaker also lived. She represented to the county welfare department that she was paying rent and utilities to the ranch owners, and backed her claim with forged rent receipts, when in fact neither she nor the caretaker paid.

### APPEAL

### I

Defendant moved in superior court to withdraw her plea of guilty (Pen. Code, § 1018), and the motion was denied after a hearing. She claims abuse of discretion in that denial, urging that her plea was made without adequate advisements of (1) her right to testify on her own behalf and (2) the permissible range of sentence. Strictly speaking, we have no occasion to review the *ruling* because the grounds raised here were not raised or considered then. However, the adequacy of advisements may be challenged on direct

appeal without the defendant having raised that objection in the trial court. (*People* v. *Lucky* (1988) 45 Cal.3d 259, 284 [247 Cal.Rptr. 1, 753 P.2d 1052].) We will address the contention on that basis and consider the entire record, to the extent relevant.

 *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] (cert. den. 398 U.S. 911 [26 L.Ed.2d 72, 90 S.Ct. 1708]) together "require the record to reveal 'on its face' that the trial court, before accepting a guilty plea, expressly advised the accused and obtained his or her waiver of the full panoply of constitutional rights: the rights to trial by jury, to confront and cross-examine witnesses, and against self-incrimination." (*People* v. *Wright* (1987) 43 Cal.3d 487, 491-492 [233 Cal.Rptr. 69, 729 P.2d 260]; *In re Tahl, supra,* 1 Cal.3d at p. 130.)

*Right to testify*

 Relying on *People* v. *Tran* (1984) 152 Cal.App.3d 680 [199 Cal.Rptr. 539] (*Tran*), defendant argues that her waivers were deficient because she was not specifically advised of her "right to testify." We disagree.

Language in *Tran* does support the argument, but that language is dictum and, in our view, misguided. The record of a "slow plea" in that case failed to show advisement or waiver of the Fifth Amendment privilege against self-incrimination, but the Attorney General argued that such advice was "meaningless" because a defendant who submits the case on the basis of the preliminary hearing transcript does not actually incriminate himself. The court rejected that distinction, reasoning: "(1) The defendant does not literally incriminate himself in most submission on the transcript cases, because his testimony, particularly *self-incriminating* testimony, is rarely in the record; (2) The effect is the same whether the plea is of the ordinary or slow variety; defendant accepts conviction without, perhaps, knowing he had a choice as to whether to testify; and (3) The Fifth Amendment includes the *right to testify,* and it is an important part of the waiver which should be personally acknowledged by every defendant in every guilty plea, slow or not." (*Id.,* at pp. 684-685, fn. 5.)

We respectfully disagree, first, with the statement that the right to testify is implicit in the Fifth Amendment. Except in the general due process clause since, it is not. "The right to offer testimony is . . . grounded in the *Sixth* Amendment even though it is not expressly described in so many words . . . ." (*Taylor* v. *Illinois* (1988) 484 U.S. 400, 409 [98 L.Ed.2d 798, 810, 108 S.Ct. 646, 652], citing *Washington* v. *Texas* (1967) 388 U.S. 14, 19

[18 L.Ed.2d 1019, 1023, 87 S.Ct. 1920], italics added.) The right to testify is therefore not waived along with the self-incrimination privilege but, rather, with the waiver of Sixth Amendment rights—to a trial, to compel the attendance of favorable witnesses and, perhaps in a broad sense, to confront and cross-examine adverse witnesses. In other words, it is part of the implicit Sixth Amendment right to present a defense.

■ Defendant in this case, while not specifically advised of her right to testify, was adequately advised of and intelligently waived her right to present a defense at trial. The court explained her right to present witnesses on her behalf, to compel the attendance of witnesses and, generally, to "present evidence in defense of the charge." The court then specifically found a waiver of the right to "present a defense." This was enough to imply an awareness and waiver of the right to testify.

■ We also disagree with any implication in *Tran* that a defendant must *specifically* waive the right to testify. We doubt that the court in *Tran* meant to announce that requirement. Dictum in a footnote is hardly the place to do that, and the case has never to our knowledge been cited for that proposition.

### Range of sentence

■ A defendant who pleads guilty must be advised of the direct consequences of conviction, including the permissible range of punishment provided by statute. (*People* v. *Wright, supra,* 43 Cal.3d 487, 493.) Defendant complains that, although she was advised that she could be imprisoned for *up to 3 years,* she was not advised of the permissible lesser prison options of 2 years or 16 months. (Welf. & Inst. Code, § 10980, subd. (c)(2).)

We find error but no need to reverse. Advisement of the sentencing range is a judicially declared rule of criminal procedure, not a constitutionally compelled rule, and error must be prejudicial in order to warrant reversal. (*People* v. *Wright, supra,* 43 Cal.3d 487, 494-495.) This is not a case where the advice, if given, might have made a guilty plea less attractive. (See, e.g., *People* v. *Tabucchi* (1976) 64 Cal.App.3d 133, 142-143 [134 Cal.Rptr. 245] [three-year minimum term for parole eligibility].) Rather, the advice—that there could be a prison term *less* than the three years which defendant was willing to accept—could only have made the plea seem more attractive. There was no prejudice. (Cf. *People* v. *Johnson* (1977) 66 Cal.App.3d 197, 200 [135 Cal.Rptr. 756] [defendant willing to accept a plea knowing of a possible life sentence was not prejudiced by failure to advise of the possibility of parole in seven years].)

II*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Kline, P. J., and Benson, J., concurred.

A petition for a rehearing was denied April 12, 1989, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied June 1, 1989.

---

*See footnote, *ante,* page 854.