[No. G007765. Fourth Dist., Div. Three. Jan. 31, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRIS DORE JOHNSON, Defendant and Appellant.

**COUNSEL**

Goldfein, Schwartzberg & Stark and Richard Schwartzberg for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, Rudolph Corona, Jr., and Rhonda L. Cartwright, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SONENSHINE, J.**—Chris Dore Johnson appeals a judgment of guilt following his trial for burglary and a separate court trial at which he was found to have suffered prior serious felony convictions. He asserts the enhancements for the 1980 and 1986 convictions were improperly imposed and his motion to strike them should have been granted. He also complains there was insufficient evidence to support the trial court's finding the 1980 burglary was of a residence.

### I

Johnson was charged with one count of residential burglary. The information alleged he had previously been convicted of residential burglaries in 1980 and 1982 and an attempted residential burglary in 1986, subjecting him to five-year enhancements under Penal Code sections 667, 667.5 and 1192.7, subdivision (c). It was further alleged he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b).

Before trial, Johnson moved to strike the 1980 and 1986 prior convictions. As to the 1980 burglary conviction, he testified he was not advised of his right to counsel, was not told a unanimous jury verdict was required, and was not told he had a right to testify.

Johnson also testified he did not recall pleading guilty to the 1986 attempted burglary charge at all. He argued there was no record he was advised of or waived his constitutional rights for either conviction.

At the ensuing court trial, all the alleged prior convictions were found to be true. The court also determined the burglaries were residential. Johnson was sentenced to three 5-year terms for the prior serious felonies, consecutive to a two-year term for the underlying offense.

### II

Johnson argues the evidence fails to establish adequate waivers of his constitutional rights were taken at the time of his 1980 plea. Specifically, he urges he was not advised of his right to testify on his own behalf.

Johnson relies on a footnote in this court's decision in *People v. Tran* (1984) 152 Cal.App.3d 680 [199 Cal.Rptr. 539], where it was suggested

"[t]he Fifth Amendment includes the *right to testify,* and it is an important part of the waiver which should be personally acknowledged by every defendant in every guilty plea, slow or not." (*Id.* at pp. 684-685, fn. 5.) Contrary to Johnson's assertion, the quoted portion was not the holding in *Tran.*

The gravamen of the error in *Tran* was not that the court failed to advise him of his right to testify; it was that it failed to advise him of his right against self-incrimination. ■ ■■■■ It is by advisement of this right that a defendant is informed there is "a choice as to whether to testify."[1] (*Ibid.*) Because Tran was not advised of this right in any form, we reversed. Johnson makes no such claim here.

*Tran* simply reiterated the suggestion of the Supreme Court in *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449], that "a trial court would be well advised to err on the side of caution and employ the time necessary to explain adequately and to obtain express waiver of the rights involved." (*Id.* at p. 132.) ■ ■■ ■■ There is no authority for the proposition the failure to elaborate upon the three *Tahl* rights—self-incrimination, confrontation, and jury trial—constitutionally compels striking the prior conviction. (*Ibid.*)[2]

## III

Johnson raises an identical argument regarding the 1986 prior conviction, i.e., he was not advised he had a right to testify. In view of our conclusion regarding the 1980 prior conviction, we need not discuss it further. However, we do address a related procedural question which formed the basis of the trial court's ruling.

After Johnson testified he had no recollection at all of pleading guilty to the 1986 attempted burglary, the prosecution introduced a complaint, a

---

[1] The right to testify is not rooted in the Fifth Amendment, but rather in the Sixth Amendment. *People* v. *Hellgren* (1989) 208 Cal.App.3d 854, 857 [256 Cal.Rptr. 465], citing *Taylor* v. *Illinois* (1988) 484 U.S. 400 [98 L.Ed.2d 798, 108 S.Ct. 646], states: "The right to offer testimony is . . . grounded in the *Sixth* Amendment even though it is not expressly described in so many words . . . ." However, the right to offer testimony is not the equivalent of the right to offer one's *own* testimony. While the Sixth Amendment does reflect the right to offer evidence in one's own defense, there is some overlap. The Fifth Amendment more precisely focuses on the right of the accused to offer his or her own testimony or refrain from doing so.

[2] We reject the contention Johnson's motion to strike his 1980 conviction is untimely because, in his ensuing contacts with the courts, he failed to challenge it. In *People* v. *Sumstine* (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904], the Supreme Court addressed this issue and clearly held motions to strike prior convictions are not subject to timeliness requirements. (*Id.* at pp. 920-921.) A motion to strike, unlike a motion to set aside or vacate the conviction, challenges only the present effect of the prior. (*Ibid.*) Therefore, a defendant cannot be expected to challenge the conviction until the current charges are brought. This is not true of a motion to set aside a conviction, where timeliness is a significant factor. (*In re Ronald E.* (1977) 19 Cal.3d 315, 321-323 [137 Cal.Rptr. 781, 562 P.2d 684].)

commitment order, an information, and an abstract of judgment, reflecting a conviction of first degree attempted burglary. ■ Although the 1986 record reflected the presence of a court reporter at the entry of the plea, no transcript was provided to the trial court.[3]

■ The lower court found Johnson had met his preliminary burden of alleging "an actual denial of his constitutional rights."[4] (*People* v. *Sumstine, supra*, 36 Cal.3d at p. 922.) However, it ruled he had failed to produce evidence, available to him in the form of a transcript, of that denial. We agree Johnson's failure to produce this evidence was fatal to his position.

In *People* v. *Coffey* (1967) 67 Cal.2d 204 [60 Cal.Rptr. 457, 430 P.2d 15], the Supreme Court outlined the procedure to be followed at a hearing on a motion such as the instant one. After a defendant has properly raised the issue of the constitutionality of his conviction, the prosecution must make a prima facie showing the defendant suffered such conviction. (*Id.* at p. 217.) The defendant then has the burden of producing evidence that his constitutional rights were infringed. (*Ibid.*)

Here, the prosecution produced an abstract of judgment, reflecting Johnson's 1986 conviction, and thereby made a prima facie showing. But Johnson did not meet his burden of producing evidence of a violation of a constitutional right, although a transcript of the plea was available to him for that purpose.

---

[3] Defense counsel had sufficient time to obtain one and was given a continuance for that purpose. We reject Johnson's implication the denial of a further continuance on the day of sentencing was an abuse of discretion. It is clear he had ample time to obtain it, from his arraignment up to the sentencing date when the continuance motion was made. Counsel did not state what efforts had been made to obtain it and did not specify how much time would be required. Good cause was not shown to justify a continuance.

Appellate counsel subsequently obtained the transcript of the plea and moved this court to take judicial notice of it. We granted the motion. However, we decline to consider the transcript in determining the merits of the motion to strike. It was not provided to or considered by the trial court and therefore cannot be considered in determining whether the trial court erred based on the evidence presented to it. In any event, the result we have reached on the 1980 burglary trial shows Johnson has suffered no harm from its omission.

[4] Johnson testified as follows: "[DEFENSE COUNSEL]: Do you ever recall pleading guilty to any attempted burglary in 1986? [¶] A: No. [¶] Q: Okay. Do you think that you ever pled guilty to attempted burglary in 1986? [¶] A: No. No. [¶] Q: Now, assuming that you ever pled guilty to any attempted burglary in 1986, were you ever advised of any rights in that context? [¶] A: No." On redirect these responses were clarified somewhat: "[DEFENSE COUNSEL]: Mr. Johnson, then is it your—let me get this straight—recollection that you went to court at the same time on a receiving stolen property and an attempted burglary charge, but that you pled guilty only to the receiving stolen property? [¶] A: Yes."

The trial court finding was that this testimony was sufficient to raise the issue of the denial of his constitutional rights. We question the proposition that a mere failure of recollection can meet the requirement "that a defendant seeking to challenge a prior conviction on *any* ground must allege actual denial of his constitutional rights." (*People* v. *Sumstine, supra*, 36 Cal.3d at p. 922.) However, that issue is not directly before us.

We agree with the court in *People* v. *Zavala* (1983) 147 Cal.App.3d 429, 439 [195 Cal.Rptr. 527]: "We are of the opinion that when the docket sheet contains a printed advisement of rights but also contains a notation that a further record exists, such as reporter's notes or a defendant's signed waiver form, . . . [it is] incumbent on defendant to obtain, or at least to examine, the complete record and furnish some proof that defendant was actually denied some constitutional right or that the full record is also inadequate in some respect." Although *Zavala* was decided in the context of a Vehicle Code provision, we see no reason the principle should not be equally applicable here.[5] The denial of the motion to strike was proper.

## IV

■ Johnson next asserts there was insufficient evidence offered at his trial to establish that the guilty plea in 1980 encompassed an admission the burglary was of a residence. At trial, the prosecution offered the following evidence: a felony complaint charging second degree burglary of a residence,[6] a commitment order holding Johnson to answer for burglary, an information alleging burglary of a residence, an abstract of judgment reflecting a sentence of 16 months for second degree burglary, a transcript of the plea, and minute orders of the proceedings. No plea form existed.

The Attorney General argues the chronology of these documents leads to the conclusion the burglary was of a residence;[7] that is, Johnson was bound over on a complaint charging the burglary as that of a residence, the information alleged a residence, and the transcript indicates the plea was to the charge in the information.[8]

---

[5] *People* v. *Zavala, supra,* 147 Cal.App.3d 429 involved the interpretation of former Vehicle Code section 23102.2 (now § 41403). However, the analysis was based upon *People* v. *Coffey, supra,* 67 Cal.2d 204, which in turn was relied upon in *People* v. *Sumstine, supra,* 36 Cal.3d 909. *Zavala,* which predates *Sumstine,* was left untouched by the Supreme Court.

[6] At that time, residential burglaries not committed in the nighttime were of the second degree. Current law provides all residential burglaries are of the first degree.

[7] The Attorney General also refers us to Johnson's own testimony at the hearing on the motion to strike the prior conviction, during which he was asked to recall the testimony at the preliminary hearing. The prosecutor asked the following question: "Now, turning your attention back to 1980, do you recall a person coming in and testifying that her residence had been broken into and that property she had inside that residence had been taken?" Johnson replied: "Yes, I believe so." Johnson correctly points out this testimony was not offered by either side at the trial on the 1980 prior conviction. We may not now consider it.

[8] The transcript contains the following exchange during entry of the plea: "[THE PROSECUTOR]: Sir, your attorney has indicated it's your desire to withdraw your plea of not guilty heretofore entered to Information A021650, charging you in count I with violation of section 459 of the Penal Code, burglary, being burglary in the second degree, for the purpose of entering a new and different plea, that of guilty. Is that your desire, sir? [¶] THE DEFENDANT: Yes, sir. . . .[¶] [THE PROSECUTOR]: To Information number A021650, charging you in Count I with violation of section 1159 [*sic*] of the Penal Code, burglary, being burglary in the second degree, a felony, how do you plead? [¶] THE DEFENDANT: Guilty."

We agree. The documents properly before the trial court support its finding the 1980 burglary was residential. Preliminarily, we turn to our decision in *People* v. *Smith* (1988) 206 Cal.App.3d 340 [253 Cal.Rptr. 522], in which we held "we have no difficulty determining that charging allegations, *Tahl* forms and transcripts of the sentencing are included in any definition of 'record of conviction.'" (*Id.* at p. 345, fn. omitted.)

Further, we are satisfied Johnson's guilty plea constituted an admission of all factual allegations contained in the information. As disclosed by the transcript of the plea, the prosecutor first inquired whether it was Johnson's desire "to withdraw [his] plea of not guilty heretofore entered to Information A021650, charging [him] in count I with violation of section 459 of the Penal Code, burglary, being burglary in the second degree . . . ." After an affirmative response, the prosecutor continued: "To Information number A021650, charging you in count I with . . . burglary, being burglary in the second degree, a felony, how do you plead?"

In our view, the series of events chronicling the plea must be susceptible of being reasonably interpreted as an admission of the residential nature of the burglary. All indications are that Johnson intended to and did admit the facts *as charged* in count I of the information. Therefore, the lower court's finding Johnson suffered a residential burglary conviction is supported by substantial evidence.

Judgment affirmed.

Scoville, P. J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 25, 1990.