[No. B042623. Second Dist., Div. Five. Dec. 6, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
JIMMY LEE JACKSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

## COUNSEL

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart and George Williamson, Chief Assistant Attorneys General, Edward T. Fogel, Jr., Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, John R. Gorey, Marc E. Turchin and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Appellant.

Christopher D. McIntire, under appointment by the Court of Appeal, for Defendant and Appellant.

## OPINION

ASHBY, J.—Defendant Jimmy Lee Jackson appeals from the judgment entered following a jury trial that resulted in his conviction of attempted residential burglary. (Pen. Code, §§ 664/459.) He contends: "I. The failure to suppress the photographic lineup is ineffective assistance of counsel, as [defendant] was denied due process by the suggestiveness of the photographic lineup. II. The trial court committed prejudicial error when it prohibited trial counsel from arguing the defendant's demeanor." Finding no merit to these contentions we affirm defendant's conviction. (Pt. I, not for publication.)

Additionally, the People appeal from the trial court's order which struck the charged prior conviction of serious felony (Pen. Code, § 667, subd. (a)) on the ground the prior was constitutionally invalid. The People contend: "The appropriate waivers were obtained in entry of the guilty plea as to the prior conviction." We agree and remand for trial on the prior. (Pts. II and III, for publication.)

## I

### DEFENDANT'S APPEAL*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II

### PEOPLE'S APPEAL

Pursuant to Penal Code section 667, subdivision (a), defendant was charged with a prior conviction of robbery. The prior conviction was by guilty plea.

Defendant moved to strike the prior on the ground defendant was not adequately advised of his constitutional rights at the time the prior guilty plea was taken. Defendant relied upon *People* v. *Tran* (1984) 152 Cal.App.3d 680, 684-685, footnote 5 [199 Cal.Rptr. 539] for the proposition that a defendant must be advised that the privilege against self-incrimination includes a right *to testify*. Under compulsion of *Tran* the trial court struck the prior on the ground that the transcript of the prior plea did not show defendant was advised of the right to testify.

The People appeal, contending the *Tran* footnote should not be interpreted as stating a necessary requirement of advice about the privilege against self-incrimination. We agree and remand for trial on the prior.

### *Appealability*

Preliminarily, defendant asserts the People may not appeal the order. The appeal is proper insofar as the governing statute is involved, because an order striking or dismissing an allegation of prior conviction is appealable by the People as "an order setting aside [part of] the indictment,

---

*See footnote, *ante*, page 697.

information, or complaint." (Pen. Code, § 1238, subd. (a)(1); *People* v. *Burke* (1956) 47 Cal.2d 45, 53 [301 P.2d 241]; *People* v. *Davis* (1979) 94 Cal.App.3d 215, 217-220 [156 Cal.Rptr. 395]; *People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 65-68 [159 Cal.Rptr. 894]; *People* v. *Lopez* (1985) 163 Cal.App.3d 946, 948-949 [210 Cal.Rptr. 56]; see *In re Rogers* (1980) 28 Cal.3d 429, 437-438 [169 Cal.Rptr. 222 [619 P.2d 415].)

■ Defendant contends, however, that constitutional principles of double jeopardy bar the People's appeal or a reversal. He contends (1) the trial court's order acquitted defendant of the prior or (2) the order came too late, after defendant was in jeopardy on trial of the prior.

We find no merit to these contentions. What occurred below was a prejeopardy hearing on the constitutionality of the prior, not a trial of the prior.

■ A prior conviction obtained in violation of *BoykinTahl*[1] requirements may not be used for enhancement purposes. (*People* v. *Sumstine* (1984) 36 Cal.3d 909, 914, 916 [206 Cal.Rptr. 707, 687 P.2d 904]; see *People* v. *Coffey* (1967) 67 Cal.2d 204, 214-215 [60 Cal.Rptr. 457 [430 P.2d 15].) ■ *Coffey, supra,* established the procedure for holding an evidentiary hearing, prior to trial, on the constitutionality of a prior conviction. (67 Cal.2d at pp. 215-218.) The issues for such a hearing are completely distinct from the issue for the trier of fact on the enhancement charge itself, as to whether the accused in fact suffered the prior. (*People* v. *Sumstine, supra,* 36 Cal.3d at pp. 920-921; see *Curl* v. *Superior Court* (1990) 51 Cal.3d 1292, 1300-1301 and fn. 5, 1304, fn. 7 [276 Cal.Rptr. 49, 801 P.2d 292].)

■ The trial court's order here was not an acquittal. (Compare with a genuine acquittal case, *People* v. *Raby* (1986) 179 Cal.App.3d 577, 582, 591 [224 Cal.Rptr. 576] [when the prosecution "bungled its presentation of the evidence" on the prior, the trial court expressly acquitted defendant on the prior; retrial of the prior barred because defendant was once in jeopardy].) Here defendant's motion was expressly to strike the prior on the ground it could not constitutionally be used because the transcript of the prior plea showed an inadequate advisement of rights according to the *Tran* case. Defense counsel stated there was no other issue than the validity of the waiver, and stipulated that defendant was the same person convicted in the

---

[1]See, *post,* page 702.

prior case. There was extensive argument on the *Tran* case. The court, under compulsion of *Tran*, reluctantly struck the prior.[2]

The hearing also was not the commencement of trial on the prior as contended by defendant. At the beginning of the hearing the prosecutor stated that his witness was on the way to court and asked if defense counsel had any "other motions with regard to the prior which are legal in nature rather than . . . factual in nature, perhaps we could dispose of those presently." Defense counsel then moved to strike the prior on the basis of the guilty plea transcript and the *Tran* case. In the course of argument defense counsel stated there was no dispute defendant was the same person previously convicted, then at the court's invitation stipulated to that effect.

Although defendant construes this stipulation as the commencement of trial on the prior, it was appropriate simply as part of the People's prima facie case on the motion. (*People* v. *Coffey, supra,* 67 Cal.2d at p. 217 ["in the course of such hearing, the prosecutor shall first have the burden of producing evidence of the prior conviction sufficient to justify a finding that defendant 'has suffered such previous conviction' "].)

We conclude the People's appeal is properly before us.

### Advice of Right to Testify

■■■ It has long been the rule that the record of a guilty plea must contain on its face direct evidence that the defendant was aware of the rights to confrontation and jury trial, and the privilege against self-incrimination, the three constitutional rights which are necessarily forfeited by a guilty plea. (*In re Tahl* (1969) 1 Cal.3d 122, 130, 132 [81 Cal.Rptr. 577, 460 P.2d 449]; *Boykin* v. *Alabama* (1969) 395 U.S. 238, 243-244 [23 L.Ed.2d 274, 280, 89 S.Ct. 1709].) This does not, however, require "the spelling out of every detail by the trial court." (*In re Tahl, supra,* at p. 132.)

*People* v. *Tran, supra,* 152 Cal.App.3d 680 involved an unusual procedure which was in effect a "slow plea" entered without advice and waiver on the record of any of the three constitutional rights. (*Id.* at p. 683.) In a footnote,

---

[2]Although the court's remarks included a statement, "[t]he court will find that the prior is not proven," the context of the statement shows the court was striking the prior on constitutional grounds. The court's minute order recites, "the Court strikes the prior conviction on basis that the waivers were deficient." Defense counsel's motion was "the prior must be stricken." At sentencing the court invited the People to appeal "the striking of the prior." The court stated it would certainly impose the five-year enhancement for the prior if it were not required to "strike the prior."

the court made a statement which suggested that the privilege against self-incrimination also includes a "right to testify" which should be acknowledged by a defendant. (*Id.* at pp. 684-685, fn. 5.)

Subsequent case law has made clear, however, that this footnote was not the holding of *Tran* and does not state a necessary element for a valid waiver of constitutional rights.

As pointed out in *People v. Hellgren* (1989) 208 Cal.App.3d 854, 857 [256 Cal.Rptr. 465], the *Tran* footnote was a response to the Attorney General's argument in that case that a slow plea, as distinguished from a guilty plea, does not really involve self-incrimination.[3] The *Tran* footnote was a highly theoretical discussion elaborating different possible aspects of self-incrimination. The court in *Hellgren* concluded, "We also disagree with any implication in *Tran* that a defendant must *specifically* waive the right to testify. We doubt that the court in *Tran* meant to announce that requirement. Dictum in a footnote is hardly the place to do that, and the case has never to our knowledge been cited for that proposition." (*People v. Hellgren, supra,* 208 Cal.App.3d at p. 858.) *Hellgren* further criticized the *Tran* dictum as "misguided." (*Id.* at p. 857.)

Furthermore, the same court which decided *Tran* subsequently explained that the *Tran* footnote was neither a holding in *Tran* nor a requirement for a valid waiver of self-incrimination. (*People v. Johnson* (1990) 217 Cal.App.3d 978, 981-982 [266 Cal.Rptr. 221].) The court stated, "The gravamen of the error in *Tran* was not that the court failed to advise him of his right to testify; it was that it failed to advise him of his right against self-incrimination. . . . Because Tran was not advised of this right in any form, we reversed. [¶] There is no authority for the proposition the failure to elaborate upon the three *Tahl* rights—self-incrimination, confrontation, and jury trial—constitutionally compels striking the prior conviction. [Citing *In re Tahl, supra,* 1 Cal.3d at p. 132]." (*People v. Johnson, supra,* at p. 982.)

In the present case the transcript of the previous plea contains advice and waiver of the three constitutional rights. Although there was no

---

[3]Footnote 5 of *Tran* states as follows: "The Attorney General argues [that advice as to self-incrimination] is meaningless because defendants did not incriminate themselves, as in an actual plea. He is wrong for at least three reasons: (1) The defendant does not literally incriminate himself in most submission on the transcript cases, because his testimony, particularly *self-incriminating* testimony, is rarely in the record; (2) The effect is the same whether the plea is of the ordinary or slow variety; defendant accepts conviction without, perhaps, knowing he had a choice as to whether to testify; and (3) The Fifth Amendment includes the *right to testify,* and it is an important part of the waiver which should be personally acknowledged by every defendant in every guilty plea, slow or not." (152 Cal.App.3d at pp. 684-685, fn. 5, italics in original.)

specific advice that defendant had a "right to testify," subsequent case law shows such advice is not required by *People* v. *Tran, supra.*

## III

The judgment of conviction is affirmed. The cause is remanded for trial of the allegation of prior conviction and sentence.

Turner, P. J., and Boren, J., concurred.

The petition of appellant Jimmy Lee Jackson for review by the Supreme Court was denied March 11, 1992.