Filed 3/30/21  P. v. Phillips CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>RONALD PHILLIPS II,<br><br>   Defendant and Appellant. | G058124<br><br>(Super. Ct. No. 13NF2037)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John Dorsey Conley, Judge.  Affirmed with directions.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Ronald Phillips II was sentenced to life in prison for assaulting a 17-year-old girl with the intent to rape or sexually penetrate her during the commission of a first degree burglary. He makes two general arguments on appeal. First, he claims his sentence is improper because the jury instructions erroneously allowed for the dual use of facts. Specifically, his commission of the burglary was used as both an element of the offense and a sentence enhancement. While the jury instructions did contain an error, it caused no prejudice to defendant. He would have received the same sentence regardless. Second, defendant contends the abstract of judgment incorrectly states his life sentence is without the possibility of parole. We agree. The trial court's oral pronouncement, which is controlling, allowed for the possibility of parole after seven years. Thus, we affirm the judgment but direct the trial court to issue an amended abstract of judgment with the correct sentence.

I

FACTS

Defendant was convicted of various offenses relating to separate incidents in Lynwood and Yorba Linda involving different victims. His appeal only concerns a single count arising from the Lynwood incident, but we also describe the Yorba Linda incident for context.

A. *The Lynwood Incident*

On June 14, 2013, defendant broke into the home of 17-year-old S.C. At the time, S.C. was alone in her bedroom, but her brother and sister were also home. S.C. was lying on her bed when defendant walked into her bedroom. She asked defendant who he was. Defendant then ran toward her, put one hand over her mouth, and started touching her breasts and vaginal area over her clothes. He told S.C. to shut up and "to give him some pussy." He began taking off his clothes.

2

S.C.'s sister was in her bedroom when she heard defendant breaking into the house. She locked her bedroom door and phoned her brother, who lived in the detached garage, and asked him to check the house. The brother entered the home about a minute or two after receiving the call. The door slammed when he entered the house. Defendant left S.C.'s bedroom to investigate the noise and was confronted by her brother. Defendant then ran out of the house, jumped into a car, and sped off. The brother called 911 and gave a description of the car and the license plate number to the dispatcher. Law enforcement later ran the license plate through the Department of Motor Vehicles database and determined the vehicle was associated with defendant.

## B. The Yorba Linda Incident

Around 5:30 a.m. the next day, June 15, S.S. was awoken in her home by defendant, who either told her to "shut up" or to "get up, or I will kill you." He then hit S.S. in the face. Defendant was holding several knives, and S.S. attempted to grab one. The two struggled for a short while, then defendant threw S.S. to the floor and hit her again in the head, causing her to lose consciousness.

When S.S. regained consciousness, she was being held by her husband.[1] Her pajama bottoms and panties were gone. Her bra was still on, but her pajama top had been turned inside out. Defendant ordered the couple into the master bathroom and threatened to kill them if they tried to leave. He took cash and credit cards from the husband and then left the couple in the bathroom. They heard him rummaging through their bedrooms. The husband eventually heard defendant exit the house. He looked through a window and saw defendant running down the street, prompting S.S. to call 911.

After the police arrived, S.S. and her husband searched their home and found they were missing jewelry and a handgun, among other things. The police

---

[1] S.S. and her husband slept in separate bedrooms.

apprehended defendant by some railroad tracks about half a block from the house. A search of his pockets uncovered cash, jewelry, and some credit cards with the husband's name. At some point after June 15, investigators performed a search of the railroad tracks and located the husband's handgun in a large tin can near the tracks.

## C. Charges and Sentencing

In an amended information filed in September 2018, the district attorney charged defendant with multiple counts based on both incidents. As to the Lynwood incident, defendant was charged with a single count: assault with intent to commit a sexual offense during the commission of a first degree burglary (Pen. Code, § 220, subd. (b); count one).[2] Defendant was charged with the same offense for the Yorba Linda incident (count two), plus two counts of first degree robbery (§§ 211, 212.5, subd. (a); counts three and four), one count of first degree residential burglary (§§ 459, 460, subd. (a); count five), and one count of firearm theft (§§ 484, subd. (a), 488; count six). The information also alleged several enhancements relating to counts two through five and an enhancement based on a prior prison term allegedly served by defendant.

The jury convicted defendant as charged on all counts except for count two, for which it found him guilty of the lesser included offense of misdemeanor assault. Likewise, the jury found the enhancements relating to counts three, four, and five to be true and those relating to count two to be untrue. Defendant waived a jury trial on his prior prison term, and the trial court found it to be true.

Sentencing occurred in June 2019. On count one, the trial court sentenced defendant to life in prison with the possibility of parole after seven years. Defendant was sentenced to 10 years for count three and one year and eight months for count four; both sentences included the related enhancements. The court imposed sentences on the

---

[2] All further statutory references are to the Penal Code unless otherwise specified.

remaining counts and enhancements but stayed them.  It also struck defendant's prior conviction.

Defendant filed this appeal, arguing that the jury instructions for count one were improper and led to a violation of the prohibition on the dual use of facts. Relatedly, he claims his counsel was constitutionally ineffective for failing to object to the instructions.  Finally, he contends the trial court's abstract of judgment for count one contains a clerical error, which must be corrected.  We agree with defendant's final contention but reject his other arguments.

## II

## DISCUSSION

### A.  *Dual Use of Facts*

Defendant's argument concerns the relationship between subdivisions (a) and (b) of section 220.  Section 220, subdivision (a)(1), states that "[e]xcept as provided in subdivision (b), any person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for two, four, or six years."[3]  Defendant was charged, convicted, and sentenced under subdivision (b), which is nearly identical to subdivision (a)(1) but provides for a life sentence if the assault is committed during a first degree burglary:  "[a]ny person who, in the commission of a burglary of the first degree . . . assaults another with intent to commit rape, sodomy, oral copulation, or any violation of Section 264.1, 288, or 289 shall be punished by imprisonment in the state prison for life with the possibility of parole."  (§ 220, subd. (b).)

---

[3]  Subdivision (a)(2) of section 220 is largely the same as subdivision (a)(1) but applies when the victim is under 18 years of age and sets prison sentences of five, seven, or nine years.

5

Defendant insists his sentence for count one under section 220, subdivision (b), was erroneous and that he should have been sentenced under subdivision (a)(1). While his exact argument is unclear, he appears to believe that a jury instruction error led to the use of burglary as both an element of subdivision (b) and an enhancement of subdivision (a). This error, he seemingly argues, violated the prohibition on the dual use of facts, which bars trial courts from "'us[ing] a fact constituting an element of the offense'" to also "'aggravate or . . . enhance a sentence.'" (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1197.) As explained below, though the jury instruction was flawed, the error caused no prejudice to defendant.

The jury instruction at issue used CALCRIM No. 890. It stated the district attorney had to prove the following to establish count one:

"1. The defendant did an act that by its nature would directly and probably result in the application of force to a person;

"2. The defendant did that act willfully;

"3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone;

"4. When the defendant acted, he had the present ability to apply force to a person;

"*[AND]

"5. When the defendant acted, he intended to commit rape or sexual penetration;

"*[*[AND [*sic*]

"6. When the defendant acted, he was committing a first degree burglary.

[¶] . . . [If you find the defendant guilty of the charged crime, you must then decide whether the People have proved the additional allegation that the crime was committed in the commission of a first degree burglary.]"

Defendant claims the trial court erred by including both element six and the bracketed language beneath it. Only one of these provisions should have been used, he contends, not both.[4] This is true. CALCRIM No. 890 directs that "[i]f the court concludes that the first degree burglary requirement in Pen. Code, § 220(b) is a penalty allegation and not an element of the offense, [it should] give the bracketed language below *in place* of element 6." (Italics added.) The Bench Notes to CALCRIM No. 890 explains that "Element 6 is in brackets because there is no guidance from courts of review regarding whether the first degree burglary requirement in Penal Code section 220(b) is an element or an enhancement."

Though defendant has identified an error, he has not shown that it caused him any prejudice. (*People v. Hellgren* (1989) 208 Cal.App.3d 854, 858.) He suggests that without the error, he would have received a lesser sentence under subdivision (a) of section 220. Not so. The same result would have occurred. Had the jury been instructed correctly, then burglary would have been listed as either an element of the offense or a separate enhancement. This would not have affected the jury's uncontested finding that defendant was committing a burglary when he assaulted S.C. Thus, the necessary predicate for a life sentence under section 220, subdivision (b), was met. The jury instruction error did not change this. Defendant would have been sentenced under subdivision (b) regardless of whether the burglary was listed on the jury instructions as an element or as an enhancement. Nothing in the record shows that the inclusion of both element six and the bracketed language had any affect on defendant's sentence.

Likewise, defendant's ineffective assistance of counsel argument fails since he has not shown any prejudice from the error. (*In re Hernandez* (2019) 33 Cal.App.5th 530, 543-544.)

---

[4] Both the sixth element and the bracketed language were read to the jury when the court orally presented the jury instructions.

*B. Abstract of Judgment*

The trial court orally pronounced defendant's sentence for count one as life in prison with the possibility of parole after seven years. However, the abstract of judgment states defendant was sentenced to life without parole. Defendant maintains the abstract contains a clerical error that we must correct. The Attorney General's office agrees, as do we.

Defendant's sentence on the abstract of judgment is incorrect given the trial court's oral pronouncement, which is controlling. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Further, a life sentence without parole would be improper, as section 220, subdivision (b), specifies that a violator shall be sentenced to life in prison "with the possibility of parole." As such, we order the court to issue an amended abstract of judgment with the correct sentence: life in prison with the possibility of parole in seven years.

III

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting defendant's correct sentence on count one and to forward a certified copy of it to the Department of Corrections and Rehabilitation.

MOORE, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

ARONSON, J.

8